**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NELSON COBAS,

        Petitioner,

v.                              Case No. 2:06-CV-11560-DT

CAROL HOWES,

        Respondent.
_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES
COURT OF APPEALS PURSUANT TO U.S.C. § 2244(b)(3)(A)**

Petitioner Nelson Cobas has filed an application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of first-degree murder in 1991 and sentenced to life imprisonment. His conviction was affirmed on appeal, and he sought post-conviction relief in state court without success.

In October of 2000, Petitioner filed a habeas corpus petition in this District. United States District Judge Denise Page Hood dismissed the habeas petition with prejudice because Petitioner had failed to comply with the one-year statute of limitations found in 28 U.S.C. § 2244(d). *See Cobas v. Burgess,* No. 00-CV-74647-DT (E.D. Mich. Jan. 31, 2002). The United States Court of Appeals for the Sixth Circuit affirmed Judge Hood's order dismissing the habeas petition as untimely. *See Cobas v. Burgess*, 306 F.3d 441 (6th Cir. 2002). Petitioner then returned to state court where he filed a motion for dismissal. The trial court denied the motion, and the State's appellate courts denied leave to appeal.

On March 31, 2006, Petitioner filed the pending habeas corpus petition, along with a motion for new trial. He purports to have newly discovered evidence of actual innocence.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). The Sixth Circuit has held that, "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

Petitioner has not alleged or otherwise demonstrated that he received permission from the Court of Appeals to file a second or successive habeas petition challenging the same conviction.

---

[1] Section 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

Accordingly, IT IS ORDERED that the Clerk of Court is DIRECTED to

TRANSFER this case to the Court of Appeals pursuant to *Sims* and 28 U.S.C. § 1631.


        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  May 2, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 2, 2006, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\Even Orders\06-11560.Cob.Successive.bh.wpd